The Rev. Clennon KING, Petitioner-Appellant,

v.

Mr. Ben FORTSON, the Secretary of State of Georgia, et al., Respondents-Appellees.

No. 30070.

United States Court of Appeals, Fifth Circuit.

Nov. 6, 1970.

Rev. Clennon King, pro se.

Arthur K. Bolton, Atty. Gen. of Georgia, Robert J. Castellani, Asst. Atty. Gen., Atlanta, Ga., for respondents-appellees.

Before THORNBERRY, MORGAN and CLARK, Circuit Judges.

**996**

PER CURIAM:

 The Reverend Clennon King appeals from an order of the district court dismissing his petition for an order directing the appellees to allow him to register as a candidate for the Republican Party primary election without payment of the $2,125 qualifying fee. We affirm.[1]

Appellant bases his petition squarely upon the three judge decision of Georgia Socialist Workers Party v. Fortson, N.D.Ga., 1970, 315 F.Supp. 1035.

In dismissing the petition Judge Edenfield stated in part:

"Had the plaintiff here filed his action in time, as did the plaintiffs in Georgia Socialist Workers, and if he were able to bring himself within the ruling made in that case, it might well be that he would have been entitled to relief under that decision. The deadline for filing qualifying fees, however, was June 10, 1970, and the plaintiffs in the *Georgia Socialist Workers* case filed their complaint long prior to that time. Moreover, when the court was unable to decide the issue prior to the June 10th deadline, it entered an interim order extending the time as to those plaintiffs until June 22, at which time a final order was entered.

"The present plaintiff, however, has waited beyond the original deadline before taking any action and also has waited beyond the final deadline as extended in the Georgia Socialist Workers case, Federal courts seek to avoid dealing in technicalities where important rights are involved. Nevertheless, even in matters involving important rights, certain deadlines must be observed. Under no circumstances would this court have jurisdiction and retroactively extend the deadline which had already passed before the action was filed. Even if the court had such power, it would decline to do so. Otherwise, there would be nothing to prevent other and further candidates from coming forward with further actions, even up to the date of the election. Nothing but chaos and confusion would result."

 We feel that the reasoning of the district court is eminently sound, and have found no legal authority which militates in favor of a different result. Therefore, the judgment below is affirmed.

Affirmed.

---

1. It is appropriate to dispose of this pro se case summarily, pursuant to this Court's local Rule 9(c) (2), appellant having failed to file a brief within the time fixed by Rule 31, Federal Rules of Appellate Procedure. Kimbrough v. Beto, Director, 5th Cir. 1969, 412 F.2d 981.